Judy KERSEY, Plaintiff–Appellant,

v.

COSTCO WHOLESALE CORPORATION, Defendant–Appellee.

No. 04–16893.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Oct. 23, 2006.

Suite B. Reno, NV, FOR Plaintiff–Appellant.

Shawn B. Meador, Esq., Woodburn & Wedge, Reno, NV, William M. Brown, Esq., Mark P. Grajski, Esq., Anna Ngo Clark, Esq., Seyfarth Shaw Fairweather & Geraldson, Sacramento, CA, for Defendant–Appellee.

Before: GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Judy Kersey appeals an adverse summary judgment dismissing her third lawsuit against her former employer, Costco Wholesale Corporation ("Costco"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts and procedural history and so we repeat them here only as necessary.

The district court properly granted summary judgment against Kersey's claim of retaliation under the Americans with

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Disabilities Act of 1990 ("ADA"). 42 U.S.C. § 12203(a). Kersey fails to establish prima facie evidence of a causal link between her prior lawsuit asserting claims under the ADA and her two subsequent suspensions and eventual termination. *See Brown v. City of Tucson,* 336 F.3d 1181, 1187 (9th Cir.2003) (requiring a causal link between the ADA claim and the adverse employment action). Given that Costco terminated Kersey nearly three years after she brought the suit under the ADA, we cannot infer a retaliatory motive for Kersey's dismissal based on temporal proximity alone. *See e.g., Vasquez v. County of L.A.,* 349 F.3d 634, 646 (9th Cir.2003) (finding no casual link where "the protected activity occurred thirteen months prior to the alleged adverse action" and the plaintiff failed to provide other "evidence of surrounding circumstances that show a retaliatory motive"); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir.2002) ("A nearly 18–month lapse between the protected activity and adverse employment action is simply too long, by itself, to give rise to an inference of causation.").

Even if Kersey has made a prima facie case of retaliation, she fails to establish a pretext for Costco's actions. Costco has shown, and Kersey fails to rebut, that Costco terminated her for legitimate, non-retaliatory reasons. *See Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000) (requiring the plaintiff to present a genuine issue of material fact as to whether the employer's legitimate reasons for its actions were merely a pretext).

▮ The district court properly granted summary judgment against Kersey's claim of tortious discharge, wherein she alleges retaliation because she sought workers' compensation benefits several years earlier. Kersey fails to present any evidence that Costco fired her because she sought workers' compensation or because she filed a lawsuit asserting state claims of retaliation for seeking workers' compensation. The Nevada Supreme Court has never held that a private employer who discharges an employee for exercising her constitutional right to access the courts is liable for tortious discharge. *See Sands Regent v. Valgardson,* 105 Nev. 436, 777 P.2d 898, 900 (1989) (per curiam) ("[P]ublic policy tortious discharge actions are severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy.").

In any event, Kersey failed to show that Costco's legitimate, non-retaliatory reasons for her termination were merely a pretext.

AFFIRMED.